IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHONE EDWARD HANDSHAW,                                    PLAINTIFF
# 39466

VERSUS                          CIVIL ACTION NO. 1:14cv304-HSO-JCG

CITY OF BILOXI; RICHARD
HILLIARD, # 235; and BRANDON
FRANOVICH, # 228                                          DEFENDANTS

## ORDER DISMISSING DEFENDANT CITY OF BILOXI

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Shone Edward
Handshaw is incarcerated with the Mississippi Department of Corrections.
Handshaw brings this action arising from his arrest by Defendants. The Court has
considered and liberally construed the pleadings. For the reasons set forth below,
the Court finds that Defendant City of Biloxi should be dismissed from this case.

## I. BACKGROUND

Handshaw was convicted of possession of a controlled substance within a
correctional facility and is currently serving a three year sentence at the Central
Mississippi Correctional Facility. Handshaw initiated this action by filing a
Complaint on August 6, 2014, which names as Defendants the City of Biloxi and
two Biloxi police officers Richard Hilliard and Brandon Franovich.

Handshaw alleges that he was stopped by Hilliard and Franovich as he was
walking along Main Street in Biloxi, Mississippi, late one evening in December
2013. Handshaw claims the officers stopped him for no reason, Franovich with his

gun drawn.  Handshaw asserts that he was stopped with his hands in the air when Hilliard attacked him from behind with a flashlight, placed him in a choke hold, and then both officers forced him to the ground.

Handshaw brings this action for damages, specifically invoking the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, under theories of illegal search and seizure and excessive force.  Handshaw sues the City because it employed the officers.

## II. DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court.  The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).  "[I]n an action proceeding under Section 1915[, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised. . . ."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or

maliciousness even before service of process or before the filing of the answer." *Id.*
Because the Court has permitted Handshaw to proceed *in forma pauperis*, the
Complaint is subject to the provisions allowing for *sua sponte* dismissal under §
1915.

Handshaw brings his claims against the City pursuant to 42 U.S.C. § 1983
because it employed the officers who allegedly illegally stopped, searched, and
attacked him.  A municipality may be held liable under § 1983 when its official
policies or customs violate the Constitution.  *Monell v. Dep't of Soc. Servs.*, 436 U.S.
658, 690-91 (1978).  The policy or custom must cause the constitutional tort.  *Id.* at
691.  "[A] municipality cannot be held liable under § 1983 on a *respondeat superior*
theory."  *Id.*  Thus, to state a claim against the City under § 1983, Handshaw must
allege (1) the existence of a policymaker, and (2) an official policy or custom (3)
which is the moving force behind a constitutional violation.  *Piotrowski v. City of
Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Handshaw does not allege in his pleadings the existence of any official
custom, policy, or practice by the City, but sues the City merely because it was the
employer of the officers.  This is insufficient to state a claim against the City under
§ 1983.

### III. CONCLUSION

Based on the foregoing, the Court finds that the pleadings fail to state a
claim against the City of Biloxi upon which relief could be granted.  The City should

be dismissed as a Defendant.  This dismissal counts as a strike.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, the Defendant City of Biloxi is **DISMISSED WITH PREJUDICE** for failure to state a claim against it upon which relief could be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 14th day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE